IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, National Association, as Grantor Trustee of the Protium Master Grantor Trust,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL A. JAMES, NONRECORD CLAIMANTS, and UNKNOWN OWNERS,<br><br>    Defendants. | No. 11 C 05905<br><br>Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER**

Mortgage Electronic Registration Systems, Inc. filed this mortgage foreclosure action against Michael A. James, nonrecord claimants, and unknown owners. James removed the case to federal court on the basis of diversity jurisdiction, after which the Bank of New York Mellon Trust Company ("the Bank"), as the current assignee of the mortgage and holder of the note, filed a first amended complaint.[1] Before the Court now is the Bank's motion for summary judgment. For the following reasons, the motion for summary judgment is granted against James and the claims against nonrecord claimants and unknown owners are dismissed.

Local Rule of Civil Procedure 56.1 requires a party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. R. 56.1(a)(3). The

---

[1] Mr. James is an Illinois citizen. As such, his removal of this case to an Illinois federal court was improper under 28 U.S.C. § 1441(b)(2). The Bank did not object to the removal on that basis, however, and this defect in removal procedure is not jurisdictional. *Holmstrom v. Peterson*, 492 F.3d 833, 836 (7th Cir. 2007).

statement "shall consist of short numbered paragraphs" that refer to "materials relied upon to support the facts set forth." N.D. Ill. R. 56.1(a). The party opposing summary judgment is then required to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. R. 56.1(b)(3)(C). "The obligation set forth in Local Rule 56.1 is not a mere formality. Rather, [i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012), *reh'g denied* (Aug. 7, 2012) (quotation marks and citations omitted). "Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts," the Seventh Circuit has "consistently upheld the district court's discretion to require strict compliance with those rules." *F.T.C. v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (collecting cases). Indeed, as another court in this district previously observed, "the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted." *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

In this case, the Bank filed a statement of facts consisting of twelve numbered paragraphs with its motion for summary judgment. Pl.'s Mot. 1–3, Dkt. 39. James' response, while labeled

in part a "statement of facts," does not comply with the requirements for responses to Rule 56.1 statements of facts. Rather than responding to each numbered paragraph in the plaintiff's statement of facts as the rules instruct, James instead asserts in his first numbered paragraph that he "generally and specifically denies Plaintiff's Complaint for foreclosure and all affidavits entered as evidence on the record of the Court." Def.'s Reply ¶ 1, Dkt. 40. The remainder of the Reply makes numerous legal assertions about the nature of promissory notes and why this mortgage is not enforceable. In the only paragraph that cites to evidence in the record, James asserts that he is not the current owner of the land because it is currently held in trust by "The House of James," an "ecclesiastic body, Corporation sole." *Id.* ¶ 14. The James Reply does not comply with the purpose and intent of Rule 56.1; instead, it impedes the Rule's effectiveness by ignoring the plaintiff's citations to evidence and failing to come forward with or otherwise focus on specific facts that are contested. *See Cracco*, 559 F.3d at 632. In light of this noncompliance, facts in the Bank's statement of material facts are deemed to be admitted. As James has not filed a statement of additional facts that complies with Rule 56.1, this Court has before it only the plaintiff's submissions, from which the following is drawn.[2]

On January 15, 2008, Michael A. James, a citizen of Illinois, executed a mortgage to Equifirst Corporation, secured by property located at 4511 South King Drive in Chicago. James signed a Note in the amount of $850,000.00 payable to Equifirst Corporation. Pl.'s Mot. ¶¶ 1, 2, 8, Dkt. 39. When he closed on the loan, $645,449.99 was paid to Washington Mutual to pay off an existing lien on the real estate, $81,075.51 was paid to Washington Mutual to pay off an

---

[2] In denying Mr. James's prior summary judgment motion (see Dkt. 37), the Court previously advised Mr. James of the need to comply with the requirements of Rule 56.1 and the consequences of failing to do so.

existing subordinate lien on the real estate, $70,066.87 was paid to cover costs of the loan and 13 outstanding bills, and $51,260.28 was paid to James as cash back. *Id.* ¶ 4. On January 25, 2008, that mortgage was recorded in the Office of the Recorder of Deeds of Cook County as document number 0802536007 against the property located at 4511 South King Drive, Chicago, Illinois 60653. *Id.* ¶ 3. On April 22, 2008, a grace period notice was sent to James. *Id.* ¶¶ 5, 6. In January 2009, he defaulted on his mortgage loan payments. *Id.* ¶ 9. He made one payment of $4,847.80 on February 1, 2010, but failed to make any others. *Id.* ¶¶ 10, 11. As of the date of the filing of the Complaint, James had failed to make each mortgage payment subsequent to April 2009, owing a total of $1,119,812.65 as of August 1, 2012. *Id.* ¶ 12. The plaintiff, which is a New York corporation with its principle place of business in New York, is now the holder of the note and assignee of the mortgage. *Id.* ¶¶ 7, 8. It therefore has the capacity to bring this foreclosure against James, the current owner of the property. *Id.* ¶¶ 5–8.

The Bank moves for summary judgment for foreclosure on the mortgage. Under the Illinois Mortgage Foreclosure Law, 735 Ill. Comp. Stat. 5/15–1501 *et seq*, a mortgage is "any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation." 735 Ill. Comp. Stat. 5/15–1207. "To foreclose" means "to terminate legal and equitable interests in real estate pursuant to a foreclosure." 735 Ill. Comp. Stat. 5/15–1202. Illinois law requires that a copy of the Note and Mortgage be attached to the Complaint in a mortgage foreclosure action. 735 Ill. Comp. Stat. 5/15–1504. Copies of the Mortgage and Note were attached to the Bank's Complaint. In light of James' failure to properly contest any of the Bank's statements of fact, the Bank has shown that James executed the Note and Mortgage and defaulted on his payments. Fed. R. Civ. P. 56(e) makes clear that "a party

opposing summary judgment may not rely on the allegations of her pleadings." *Waldridge*, 24 F.3d at 920. "[I]f the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against [him]." *Id.* (citations omitted). Mr. James has made no evidentiary showing that suffices to establish that a genuine issue of fact exists, therefore the Bank's motion for summary judgment is granted and judgment is entered in favor of the Bank as to him.

The Bank, as is custom in Illinois mortgage foreclosure actions, also names nonrecord claimants and unknown owners as defendants.[3] The Bank, however, has identified no other claimants as to the subject property, and has adduced no evidence relating to any other claimant. Federal Rule of Civil Procedure 4(m) authorizes courts to dismiss defendants if service is not accomplished within 120 days. *See also Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 217–18 (7th Cir. 1997). Service to defendants other than James has not been accomplished within that time here, nor was an extension sought or granted. The claims against the nonrecord claimants and unknown owners are therefore dismissed without prejudice.

Date: November 13, 2013

John J. Tharp, Jr.
United States District Judge

---

[3] Because this action was removed to federal court, the "citizenship of defendants sued under fictitious names" is disregarded for the purposes of evaluating the propriety of removal; accordingly, the entire case need not be dismissed for lack of subject matter jurisdiction. *See First Bank v. Tamarack Woods, LLC, et al.*, No. 13-CV-00058-WDS, 2013 WL 5436373, at *1 & n.1 (N.D. Ill. Sept. 30, 2013) (citing 28 U.S.C. § 1441(b)(1)); *see also JP Morgan Chase Bank, N.A. v. Snower*, 10 C 3586, 2010 WL 3735739, at *1 (N.D. Ill. Sept. 15, 2010) (summarizing a split in this district over whether naming such defendants destroys diversity).